**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

JAMES MYERS,                                            :     Case No. 3:20-cv-00402
                                                        :
      Plaintiff,                                  :     District Judge Michael J. Newman
                                                        :     Magistrate Judge Caroline H. Gentry
vs.                                                     :
                                                        :
CITY OF CENTERVILLE, et al.,                            :
                                                        :
      Defendants.                                 :
                                                        :

## OPINION AND ORDER

This matter comes before this Court on Plaintiff's Motion for Leave to Amend and Supplement His Complaint (Doc. 34), Defendants' Motion to Compel (Doc. 46) and Plaintiff's Motion to Compel Answers to Questions Propounded During Oral Depositions (Doc. 48). For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Amend the Complaint, DENIES Defendants' Motion to Compel, and DENIES Plaintiff's Motion to Compel. The Court also *sua sponte* extends the discovery and dispositive motion deadlines.

### A.      Plaintiff's Motion To Amend Complaint Is Granted

Plaintiff is a former police sergeant who brought this lawsuit against his former employer, and two of its officials, asserting a claim of First Amendment retaliation and several state-law claims. A detailed description of the Complaint's allegations can be found in the Sixth Circuit opinion addressing the individual Defendants' claims of qualified immunity. *See Myers v. City of Centerville*, 41 F.4th 746 (6th Cir. 2022).

1

In his Motion to Amend (Doc. 34), Plaintiff seeks leave to add a new claim for First Amendment retaliation (Count Seven) that is based upon different facts than those that underlie his existing First Amendment claim (Count One). Plaintiff states that he discovered these facts during the depositions of Defendant Wayne Davis, the Centerville City Manager, and Defendant Matthew Brown, the Centerville Chief of Police. Plaintiff argues that he promptly sought leave to amend his Complaint and that no prejudice will result from allowing the amendment. Defendants disagree, asserting that the amendment is untimely because the underlying facts were previously known to Plaintiff. They argue that the amendment is futile because the claim is barred by the statute of limitations. Finally, they claim that they will be unfairly prejudiced by the amendment because it will require them to conduct additional discovery.

Federal Rule of Civil Procedure 15(a) governs a plaintiff's ability to amend the complaint.[1] A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, then he must obtain written consent of the opposing party or leave of Court. Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Rule 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted, *Foman v. Davis*, 371 U.S. 178 (1962), and this Court "should freely give leave when

---

[1] Although Plaintiff also seeks leave to supplement his Complaint under Rule 15(d), that provision only applies if the subject of the amendment is a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Here, although Plaintiff allegedly discovered the pertinent facts while taking depositions after the Complaint was filed, those facts relate to events that occurred before the Complaint was filed. Therefore, the Court will analyze Plaintiff's request under Rule 15(a).

justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Under the liberal standard for amendment set forth in Rule 15(a), the Court finds that Plaintiff's Motion to Amend should be granted. Plaintiff did not unduly delay the filing of the amendment, as he allegedly based it upon information revealed during discovery. There is no showing of bad faith. In light of the relation-back doctrine set forth in Rule 15(c), Defendants have not shown that amendment would be futile. Finally, the Court will address Defendants' claim of prejudice by extending the discovery and dispositive motion deadlines and allowing Plaintiff to be re-deposed on the new claim. Accordingly, Plaintiff's Motion to Amend is GRANTED.

### B.     Defendants' Motion To Compel Is Denied.

Defendants' Motion to Compel (Doc. 46) arises from Plaintiff's surreptitious recording of an August 1, 2018 meeting between Plaintiff, Defendant Davis, and Defendant Brown. When Plaintiff answered questions about this meeting during an internal investigation, he did not disclose the existence of the recording. According to Defendant City of Centerville, Plaintiff was terminated because he failed to disclose the recording and thereby violated City rules and policies. During his deposition, Plaintiff

testified that he relied on the advice of his counsel when he decided not to disclose the existence of the recording. (Doc. 46, PageID #1893-94.)

Defendants claim that Plaintiff's testimony shows that he intends to rely on the advice of counsel to challenge the basis for his termination. By placing the advice of his counsel at issue, Defendants argue, Plaintiff has waived the attorney-client privilege. In their Motion, Defendants seek to compel discovery regarding "(1) the substance of the advice given by [attorney] Jeffrey Silverstein to Plaintiff, and the basis therefore, related to withholding and not disclosing the recording of the August 1, 2018 meeting; and (2) what information was provided to Mr. Silverstein by Plaintiff related to the policies and procedures of the City as to the investigation of Plaintiff." (Doc. 46, PageID #1889.) Defendants claim they will be prejudiced without this discovery. (*Id.*, PageID #1899.)

In response, Plaintiff clarifies that he is not relying, and will not rely, upon the advice of counsel "to prove his claims or disprove Defendants' defenses" at summary judgment or trial. (Doc. 52, PageID #1984-95.) Given this representation, the Court finds that Plaintiff has not placed the advice of counsel at issue in this case, and has not waived the attorney-client privilege. Therefore, Defendants' Motion to Compel is DENIED.

### C.   Plaintiff's Motion To Compel Is Denied.

Plaintiff's Motion to Compel (Doc. 48) seeks to compel deposition testimony on two separate topics. For the reasons set forth below, the Court denies Plaintiff's Motion.

1.    **Discussions held during the City Council's executive session are confidential, privileged and not discoverable.**

Plaintiff seeks to compel Defendant Davis to testify about a City Council executive session that addressed the discipline of another employee, Brad Kavalunas. "Plaintiff seeks to know what information was raised in that session, what guidance on discipline was sought and/or received from the council, and whether that guidance was followed." (Doc. 48, PageID #1928.) Defendants argue that this information is privileged and non-discoverable under Ohio Revised Code Sections 102.03(B) and 121.22(G).

Although Ohio city councils must usually hold meetings in public, Ohio law permits city councils to have private discussions about individual employees in executive session. Specifically, city councils may go into executive session "[t]o consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee … or the investigation of charges or complaints against a public employee …." R.C. 121.22(G)(1). Current and former public officials and employees are prohibited from disclosing or using, "without appropriate authorization, any information acquired … in the course of the [individual's] official duties that is confidential because of statutory provisions." R.C. 102.03(B). The Sixth Circuit has held that this "executive session privilege … makes confidential any communications that occur during the executive sessions of political subdivisions." *Humphries v. Chicarelli*, 554 Fed. App'x 401, 401 (6th Cir. 2014).

Citing *Humphries* and a decision from this Court, *University Estates, Inc. v. City of Athens, Ohio*, No. 2:09-cv-758, 2011 WL 796789 (S.D. Ohio Feb. 25, 2011) (Frost, J.),

Defendants argue that the individual Defendants, who are public employees, cannot be compelled to testify about their recollection of confidential discussions held during the City Council's executive session. (Doc. 51, PageID #1968-69.) The Court agrees.

There is no dispute that Plaintiff seeks to compel the discovery of confidential information that is protected by the Ohio executive session privilege. Both the Sixth Circuit and this Court have held that such communications are privileged. *Humphries*, 554 Fed. App'x at 401; *University Estates*, 2011 WL 796789; *Talismanic Properties, LLC v. City of Tipp City, Ohio*, No. 3:16-cv-285, 2017 U.S. Dist. LEXIS 90290, *6-8 (S.D. Ohio June 9, 2017) (Newman, J.). Thus, they are not discoverable.

Seeking to forego this result, Plaintiff argues that R.C. 102.03(B) does not establish an "absolute" executive session privilege and that its existence requires "a fact dependent inquiry." (Doc. 56, PageID #2045.) Plaintiff's cited cases are not persuasive.

First, Plaintiff cites *Springfield Local Sch. Dist. Bd. of Educ. v. Ohio Assoc. of Pub. Sch. Employees*, 106 Ohio App. 3d 855, 667 N.E.2d 458 (9th App. Dist. 1995). In that case, an Ohio appellate court held that "there is no absolute privilege to be accorded discussions held in executive session." *Id*., 106 Ohio App. 3d at 868. Without addressing the provision at issue here—namely, R.C. 102.03(B), which prohibits public employees from disclosing matters discussed during executive sessions—the appellate court held that Ohio law only protects against the disclosure of executive session communications to the general public, and not in litigation. *Id*. at 869. This holding is inconsistent with R.C. 102.03(B), which does not make an exception for litigation. Because the appellate court

did not consider R.C. 102.03(B) in its analysis—and because this case pre-dates the Sixth Circuit's decision in *Humphries*—the undersigned does not find it persuasive.

Next, Plaintiff cites *Kamenski v. Wellington Exempted Village Schs.*, No. 1:14-cv-01589, 2016 U.S. Dist. LEXIS 58036 (N.D. Ohio May 2, 2016). In that case, the court held that the executive session privilege does not apply to "discussions occurring during an executive session that are unrelated to the topics properly discussed in executive session" pursuant to Ohio law. *Id*. at *8. Here, however, Plaintiff does not contend that the information he seeks to compel was improperly considered during the City Council's executive session. Therefore, *Kamenski* does not aid the Plaintiff's arguments.

Finally, Plaintiff cites *McCormas v. Hill Local Sch. Dist.*, No. 1:07-cv-573, 2009 U.S. Dist. LEXIS 151921 (S.D. Ohio May 11, 2009) (Dlott, J.). In that case, the Court held that there is no executive session privilege under R.C. 121.22(G), and further held that compelled disclosure is consistent with R.C. 102.03(B) if the Court authorizes the discovery. Because this case was decided before *Humphries v. Chicarelli*, 554 Fed. App'x 401 (6th Cir. 2014), which recognized the existence of the executive session privilege in litigation, the undersigned declines to follow it.

For all these reasons, Plaintiff's request to compel the production of information relating to discussions occurring during the City Council's executive session is DENIED.

### 2. The attorney-client privilege protects information provided by the individual Defendants to the City's investigator.

Plaintiff seeks to compel Defendants Brown and Davis to testify about what they told an outside attorney, Tom Schiff, who Defendant City hired to investigate Plaintiff's

7

allegations against the former Police Chief.[2] Defendants argue that statements made by City employees to an outside attorney hired by the City to conduct an internal investigation is protected by the attorney-client privilege. Plaintiff argues that the information is not privileged because Attorney Schiff was not acting as an attorney.

The attorney-client privilege "ensure[s] free and open communications between a client and his attorney." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006). This Court uses an eight-factor test to determine whether the privilege applies: "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

It is well-established that "the attorney-client privilege protects confidential employee communications made during a business's internal investigation led by company lawyers." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 756 (D.C. Cir. 2014) (citing *Upjohn Co. v. U.S.*, 449 U.S. 383 (1981)). "The fact that the privilege is invoked to protect communications made by employees of a governmental entity rather than a private party does not change the analysis." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 620 (7th Cir. 2009).

---

[2] Although the request set forth in the Motion to Compel (Doc. 48, PageID #1928) is broader than this description, Plaintiff's counsel clarified during oral argument that she is only seeking testimony from these two Defendants.

The critical question is whether Attorney Schiff performed his investigative work in his capacity as an attorney, i.e., whether the City hired him to perform legal work and to render legal advice. *Upjohn Co.*, 449 U.S. at 394 (holding that the attorney-client privilege applied to communications "made by Upjohn employees to counsel for Upjohn ***acting as such***, at the direction of corporate superiors in order to secure legal advice") (emphasis added). Although the record on this issue is scarce, the Court concludes that Defendants have met their burden of establishing the existence of the attorney-client privilege.

Defendant Davis, the City Manager, was responsible for the investigation of Chief Robertson. He began this task by contacting the City's labor counsel and its Municipal Law Director, an outside law firm named Altick & Corwin. (Doc. 44, PageID 1161-63.) Defendant Davis testified that Altick & Corwin selected and contracted with Mr. Schiff to perform the investigation. (*Id.*) His attorney then requested a break to clarify the application of the attorney-client privilege:

> MR. DOWD: --- I would like to take a break, because I've got to get some clarification as to Schiff's role, as to whether he was legal counsel or not, before we go down this road. And I don't know the answer –
>
> MS. NEFF:  No. Go ahead. Get clarification.
>
> MR. DOWD: -- but I want to clarify this.
>
>   (Recess taken)
>
> MR. DOWD:  Just for the record, it's been explained to me Tom Schiff's role here in more detail, that he was actually hired by the law director to conduct this investigation in lieu of the law director doing it and bring in an outside source. But he was brought in as an attorney to conduct this investigation, communicate with my client and the law director regarding that investigation.

9

> So our position is any communications between counsel and the administration regarding that investigation with Mr. Schiff are privileged, and so I am going to instruct him not to answer those questions up to, at least, the point in time when that Schiff report was made public.
>
> MS. NEFF:  Was he hired to provide advice?
>
> MR. DOWD:  That is our position, yes.
>
> MS. NEFF:  And to represent the City?
>
> MR. DOWD:  He's representing the City's law department during the course of that investigation.

(Doc. 44, PageID #1163-65.) The Court finds that these representations by Defendants' counsel are sufficient to establish the existence of the attorney-client privilege.

Pointing to Defendant Davis's testimony that likened the investigation of Chief Robertson to an internal affairs police investigation, Plaintiff argues that this testimony constitutes an admission that Mr. Schiff was not hired as an attorney. (Doc. 48, PageID #1931-33; Doc. 56, PageID #2047-48.)  The connection between these concepts is too attenuated to create such an inference. It is equally plausible that Attorney Schiff both conducted an investigation that was like an internal affairs police investigation, and also provided legal advice to the City.

Therefore, Plaintiff's request to compel the production of information provided by the individual Defendants to Attorney Schiff is DENIED.

### D. Conclusion.

In sum, the Court GRANTS Plaintiff's Motion to Amend the Complaint (Doc. 34), DENIES Defendants' Motion to Compel (Doc. 46), and DENIES Plaintiff's Motion to Compel (Doc. 48). The Court also *sua sponte* extends the Discovery Deadline to April 13, 2023, and the Dispositive Motion Deadline to May 24, 2023.

**IT IS SO ORDERED.**


*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge


Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.