UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES MYERS,

    Plaintiff,

vs.

CITY OF CENTERVILLE, *et al.*,

    Defendants.

Case No. 3:20-cv-402

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

___

**ORDER: (1) OVERRULING DEFENDANTS' OBJECTIONS (Doc. No. 61); (2) AFFIRMING MAGISTRATE JUDGE GENTRY'S DISCOVERY ORDER (Doc. No. 59); AND (3) DIRECTING THE PARTIES TO FULLY COMPLY WITH THE PARAMETERS JUDGE GENTRY SET IN THE DISCOVERY ORDER**

___

This civil case is before the Court on the objections of Defendants City of Centerville, Wayne Davis, and Police Chief Matthew Brown (collectively "Defendants") (Doc. No. 61) to Magistrate Judge Gentry's discovery order (Doc. No. 59). In that order, Judge Gentry granted Plaintiff James Myers' ("Plaintiff") motion to amend his complaint, denied Defendants' motion to compel, and denied Plaintiff's motion to compel. *Id.* at PageID 2073. Judge Gentry also *sua sponte* extended the parties' discovery deadline and extended their dispositive motion deadline. *Id.* Defendants object only to Judge Gentry's ruling permitting Plaintiff to amend his complaint. Doc. No. 61 at PageID 2076. Plaintiff responded (Doc. No. 62) and Defendants replied (Doc. No. 63). Thus, Defendants' objections are ripe for this Court's review.

**I.    BACKGROUND**

A comprehensive account of the underlying facts of this case is unnecessary here. For purposes of the instant motion, the facts are as follows. After depositions of two defendants revealed what Plaintiff considered information favorable to him, Plaintiff moved to amend his

complaint to add an additional claim and additional factual allegations. Doc. No. 34 at PageID 300. Plaintiff argued that while the deadline for amending pleadings had passed, good cause to amend existed under Fed. R. Civ. P. 16 because the depositions revealed that Plaintiff had engaged in protected speech by reporting misconduct on January 24, 2018 and August 1, 2018. *Id.* at PageID 300–02. Plaintiff also asserted that granting the motion to amend would be permissible under Fed. R. Civ. P. 15 because he did not delay bringing this motion, did not previously move to amend, did not consider the amendment futile, and did not believe amendment would prejudice Defendants. *Id.* at PageID 304.

Defendants responded to Plaintiff's motion to amend that Plaintiff lacked good cause to amend his complaint because the depositions revealed no new information to Plaintiff given that Plaintiff's original complaint discussed the meetings on January 24, 2018 and August 1, 2018. Doc. No. 50 at PageID 1938–39. Plaintiff replied in support of his motion that he did, in fact, learn new information through the depositions because the deposed witnesses alleged that: (1) Plaintiff acted outside his chain of command in reporting misconduct (thus indicating he engaged in protected speech); and (2) Defendants retaliated against Plaintiff for his protected speech. Doc. No. 54 at PageID 1999.

Judge Gentry granted Plaintiff's motion to amend and supplement his complaint. Doc. No. 59 at PageID 2065. Judge Gentry, citing Fed. R. Civ. P. 15(a), found that Plaintiff did not delay filing an amended complaint because it was prompted by information revealed in discovery. *Id.* She also found that the parties did not reveal any suggestion of bad faith or futility and any concern of prejudice could be resolved through extending discovery and dispositive motion deadlines. *Id.*

Defendants now object to the part of Judge Gentry's order granting Plaintiff's motion to amend and supplement his complaint, arguing that Plaintiff has not shown good cause to amend

the scheduling order because he already knew the facts underlying the claim and because Judge Gentry did not explicitly address Fed. R. Civ. P. 16(b).  Doc. No. 61 at PageID 2080.

## II.     STANDARD OF REVIEW

A district judge's review of a magistrate judge's order regarding a non-dispositive matter is governed by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a).  The Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "The 'clearly erroneous' standard applies only to factual findings made by the magistrate judge, while legal conclusions will be reviewed under the more lenient 'contrary to law' standard."  *Nathan v. Ohio State Univ.*, No. 2:10-cv-872, 2013 WL 139874, at *1 (S.D. Ohio Jan. 10, 2013) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)).

"A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  Meanwhile, the "contrary to law" standard gives this Court plenary power to reject "any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Geiger Bros. Mech. Contractors v. Lockheed Martin Util. Servs., Inc.*, No. C-2-98-109, 2000 WL 1456916, at *2 (S.D. Ohio Sept. 19, 2000) (quoting *Gandee*, 785 F. Supp. at 686); *see also Nathan v. Ohio State Univ.*, No. 2:10-cv-872, 2013 WL 2948361, at *1 (S.D. Ohio June 14, 2013).

## III.     ANALYSIS

Preliminarily, Defendants appear to broadly object to the section of Judge Gentry's order granting Plaintiff's motion to amend, stating, "the Magistrate Judge's findings are clearly erroneous and contrary to law."  Doc. No. 61 at PageID 2085.  While that general objection is

inadequate to merit review, *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object"), the Court construes Defendant's objection as raising two specific points: first, Judge Gentry's "analysis of the Federal Rules of Civil Procedure Rule 15(a) standard, without considering Rule 16(b), is clearly erroneous and contrary to law[]" (Doc. No. 61 at PageID 2079); second, Plaintiff already knew the facts he sought to add to his original complaint, "which vitiates a finding of good cause[]" (*id.* at PageID 2080).

Beginning with Defendants' challenge to Judge Gentry's analysis of Rule 16, whether Judge Gentry properly applied Rule 16 "is a legal question that the [D]istrict [C]ourt [i]s required to review *de novo*." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (italics added). "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)); *see also Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citations omitted); *see also Leary*, 349 F.3d at 909.

Judge Gentry clearly acknowledged the two key considerations of Rule 16, good cause and prejudice. First, she addressed Plaintiff's diligence in meeting case deadlines by writing, "Plaintiff did not unduly delay the filing of the amendment, as he allegedly based it upon information

4

revealed during discovery." Doc. No. 59 at PageID 2065. Second, Judge Gentry considered prejudice to Defendants, stating, "the Court will address Defendants' claim of prejudice by extending discovery and dispositive motion deadlines and allowing Plaintiff to be re-deposed on the new claim." *Id.* In this manner, Judge Gentry explicitly analyzed the two key considerations of Rule 16. *See Stuckey v. Online Res. Corp.*, No. 2:08-cv-1188, 2010 WL 1610622, at *3, *6 (S.D. Ohio Apr. 16, 2010) (permitting plaintiff to file an amended complaint after finding unpersuasive defendant's claims that plaintiff already knew the information he sought to add and that granting the motion to amend would cause defendant prejudice).

In addition, it is no matter that Judge Gentry did not explicitly list "Rule 16" in her analysis because she addressed the key Rule 16 considerations. *See Leary*, 349 F.3d at 909 (finding that "the district court properly applied the governing law[]" when its "opinion implicitly, if not explicitly, commented on the prejudice that [defendant] would suffer if the [p]laintiffs were permitted to 'recast' their claims at this late stage in the proceedings"); *Bisig*, 940 F.3d at 220 ("Although the magistrate judge did not explicitly mention *Howe* as he analyzed each factor, he did not need to. It was enough that the judge considered *Howe's* factors in evaluating the evidence"). *Cf. Cooper v. Am. Emps. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961) ("[R]ule [15(a)] gives effect to the principle that cases should, as far as possible, be determined on their merits and not on technicalities"). Thus, the Court finds that Judge Gentry's order was not contrary to law.

Defendants contend in their second objection that Judge Gentry erred in granting Plaintiff leave to amend because he previously knew the facts he sought to add to the complaint. Doc. No. 61 at PageID 2081. Judge Gentry considered this issue (Doc. No. 59 at PageID 2064) ("Plaintiff argues that he promptly sought leave to amend his Complaint and that no prejudice will result from allowing the amendment. Defendants disagree, asserting that the amendment is untimely because

5

the underlying facts were previously known to Plaintiff"), and rejected it (*id.* at PageID 2065) ("Plaintiff did not unduly delay the filing of the amendment, as he allegedly based it upon information revealed during discovery"). *Cf. Howard*, 932 F.2d at 509 ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act"); *see also Comer v. Comm'r of Soc. Sec.*, No. 1:20-cv-985, 2022 WL 10969407, at *4 (S.D. Ohio Oct. 19, 2022) ("Objections to a magistrate judge's [r]eport and [r]ecommendation must be more than simply a rehashing of arguments previously before the Court" (citations omitted)); *Markgraff v. Comm'r of Soc. Sec.*, No. 2:17-cv-10511, 2018 WL 654838, at *2 (E.D. Mich. Jan. 31, 2018) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation" (citations omitted)). Here, aside from Defendants' "good cause" argument that this Court has already rejected, Defendants raise no other error with Judge Gentry's conclusion.

Assuming, *arguendo*, the Court must analyze Judge Gentry's conclusion that Plaintiff sought to amend the complaint based on information he learned during discovery, it "must only 'determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable,' and should not substitute its own conclusion." *Harris v. Midtown Ctr. for Health & Rehab., LLC*, No. 2:19-cv-2397, 2023 WL 1415620, at *2 (W.D. Tenn. Jan. 31, 2023) (quoting *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)). Plaintiff claims that "Defendants' deposition testimony supports the viability of a First Amendment Retaliation claim specific to the whistleblower meetings." Doc. No. 62 at PageID 2092. *See e.g.* Doc. No. 44 at PageID 1272–73 ("It was really only going back to that January

6

24th meeting. . . . [W]here he highlighted all of his credentials, and I just thought it was . . . very self-serving and not relating to EQ"). Defendants maintain that Plaintiff takes this "testimony out of context to create such a claim[]" and that it creates "no new facts or evidence." Doc. No. 61 at PageID 2083. Disagreement about the significance of the deposition does not undermine Judge Gentry's conclusion, which was reasonable and based upon evidence in the record. *See Stuckey*, 2010 WL 1610622, at *3 ("[T]o the extent that [defendant] argues that the proposed amended complaint indicates prior knowledge, the Court is not persuaded by [defendant's] interpretation of the allegations").

## IV. CONCLUSION

Accordingly, Defendants' objections are **OVERRULED** and Judge Gentry's discovery order is **AFFIRMED**. The parties must **FULLY COMPLY** with the parameters Judge Gentry set in the discovery order.

**IT IS SO ORDERED.**

May 24, 2023   s/Michael J. Newman
 Hon. Michael J. Newman
 United States District Judge