UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES MYERS,

    Plaintiff,

vs.

CITY OF CENTERVILLE, *et al.*,

    Defendants.

Case No. 3:20-cv-402

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A SUMMARY JUDGMENT MEMORANDUM UP TO 60 PAGES (Doc. No. 86); (2) GRANTING THE PARTIES LEAVE TO FILE SUMMARY JUDGMENT OPPOSITION AND REPLY MEMORANDA UP TO 60 PAGES; (3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. No. 87); AND (4) GRANTING DEFENDANTS LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT AS SET FORTH BELOW BY APRIL 10, 2024**

---

    Plaintiff James Myers alleges that his former employer—Defendant City of Centerville—and former supervisors—Defendants Wayne Davis and Matthew Brown—violated his First Amendment rights, retaliated against him, tortiously interfered with his business and professional relationships, and defamed him. Doc. No. 73. The Court previously denied without prejudice Defendants' motion for summary judgment and denied as moot Plaintiff's motion to strike. Doc. No. 85. This case is before the Court on Defendants' motion for leave to file summary judgment memoranda in excess of 20 pages (Doc. No. 86) and Plaintiff's motion for reconsideration of the Court's previous order denying without prejudice Defendants' motion for summary judgment and denying as moot Plaintiff's motion to strike (Doc. No. 87).

    The Court **GRANTS** Defendants' motion for leave to file a summary judgment memorandum up to 60 pages—inclusive of all cover pages, the table of contents, and the certificate

of service.  Doc. No. 86.  The parties may similarly file opposition and reply memoranda up to 60 pages.

In the interest of obtaining full briefing on all matters and to avoid piecemeal litigation of only some issues, the Court **DENIES** Plaintiff's motion for reconsideration.  Doc. No. 87.  By allowing the parties to refile summary judgment memoranda, Plaintiff will be given the opportunity to respond to all of Defendants' arguments.  *See Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 548 (6th Cir. 2014) (explaining that new arguments or evidence generally may not be raised in a movant's summary judgment reply brief unless the nonmovant is given an opportunity to file a surreply).  However, the Court cautions that Defendants must include all grounds for granting summary judgment in the memorandum in support of their motion for summary judgment and may not raise new grounds for summary judgment in a reply brief.

Thus, the Court **GRANTS DEFENDANTS LEAVE** to file a motion for summary judgment in compliance with this Order by **April 10, 2024**.  In filing all memoranda, the parties are strongly advised to fully—but concisely—address all issues.

**IT IS SO ORDERED.**

  February 27, 2024                                      s/Michael J. Newman                  
                                                                    Hon. Michael J. Newman
                                                                    United States District Judge